IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CIVIL ACTION NO. 3:66-cv-03984

UNITED STATES OF AMERICA,
Plaintiff

v.

SOUTH PIKE COUNTY CONSOLIDATED
SCHOOL DISTRICT, et. al.,
Defendant

# **JOINT STIPULATION OF DISMISSAL WITH PREJUDICE PURSUANT TO RULE 41(a)(1)(A)(ii)**

The Plaintiff, United States of America, and Defendant the South Pike School District (the "District"), collectively "the Parties," respectfully file this Joint Stipulation under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), dismissing the matter with prejudice as the District has effectively reached Unitary Status and stopped operating a dual system of schools.

Additionally, this case has been pending for over a half-century without further litigation between the Parties. The Parties stipulate as follows:

## **BACKGROUND and STIPULATIONS**

1. Pursuant to an August 17, 1966 Order, this district court preliminarily enjoined the District from assigning school age children to schools on the basis of race and color. Pursuant to orders issued on May 16, 1969 and July 5, 1969 Order, this district court outlined affirmative steps for the District and its officials to achieve a single, non-racial unitary system of

public education and desegregate, including faculty and staff desegregation. A plan of desegregation was adopted in August 1969. In 1973, the court granted supplemental relief concerning the operation of bus transportation to ensure the goals of desegregation.

2. In 1974, through a minute order, the district court noted that three years had passed and that there was no reason to maintain the matter as an open file. In 1981, the Fifth Circuit Court of Appeals relieved the District from filing further reports with the appellate court clerk.
3. The United States through the Department of Justice ("DOJ") has monitored this school district through periodic requests for information.
4. The United States understands that the District has a single grade structure in grades 7 through 12 [South Pike Senior High and South Pike Junior High] and its two elementary schools (Osyka and Eva Gordon) operate as zoned elementary schools. Osyka has 80% Black and 17% White students. Eva Gordon Lower and Upper Elementary have 85% Black and 10% White students.
5. The United States is satisfied that the District has fulfilled its desegregation duties for a reasonable amount of time *and* eliminated vestiges of its past *de jure* segregation "to the extent practicable." *Missouri v. Jenkins*, 515 U.S. 70 (1995); *Freeman v. Pitts*, 503 U.S. 467 (1992); *Bd. of Educ. of Oklahoma City Pub. Sch., Indep. Sch. Dist. No. 89 v. Dowell*, 498 U.S. 237 (1991); see also *Green v. County Sch. Bd. of New Kent Cnty., Va.*, 391 U.S. 430, 435 (1968) ((1) student assignment, including school

assignment, student transfers and classroom assignment; (2) faculty and staff, including faculty assignment and faculty hiring; (3) transportation; (4) facilities; and (5) extracurricular activities).

6. Desegregation orders were never intended to operate in perpetuity, and it was never the purpose of the federal courts' desegregation jurisprudence to "condemn a school district, once governed by a board which intentionally discriminated, to the judicial tutelage for the indefinite future." *Dowell*, 498 U.S. at 249, 247 ("[f]rom the very first, federal supervision of local school systems was intended as a temporary measure to remedy past discrimination); *Milliken v. Bradley*, 418 U.S. 717, 741 (1974) ("[n]o single tradition in public education is more deeply rooted than local control over the operation of schools").

7. Consent decrees must come to a discrete end, and federal court decrees exceed appropriate limits if they are aimed at eliminating a condition that does not violate the Constitution or flow from a constitutional violation itself. See *Chisom v. Louisiana ex rel. Landry*, 116 F.4th 309, 316 (5th Cir. 2024) (en banc).

8. When the parties proceed solely under Fed. R. Civ. P. 41(a)(1)(A)(ii), the end is self-executing. A stipulated dismissal executed by the parties constitutes a final judgment and accomplishes dismissing the case with prejudice, without the further necessity of a court order. *Smith v. School Board of Concordia Parish*, Case No. 25-30698 at *6 (5th Cir. July 14, 2026) (a Rule 41(a)(1)(A)(ii) stipulated dismissal that is signed by every

remaining party operates as a dismissal with prejudice); see also *Defense Distribued v. United States Dept. of State*, 947 F.3d 870, 873 (5th Cir. 2020); *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 534 (5th Cir. 1978).

9. Notwithstanding, the Parties understand that an Order of Dismissal with Prejudice may be required to fully administratively close out the entirety of this case after remaining on the inactive docket for five decades, and dismiss with prejudice all remaining injunctions as to the South Pike School District.

Dated: August 7, 2026.

Respectfully submitted,

| **ATTORNEYS FOR PLAINTIFF**<br><br>UNITED STATES OF AMERICA | **ATTORNEYS FOR DEFENDANTS**<br><br>SOUTH PIKE COUNTY SCHOOL DISTRICT |
|---|---|
| HARMEET K. DHILLON<br>Assistant Attorney General<br><br>/s/ *Debjani Maken*<br>PETER FEAMAN, Senior Counsel<br>FL Bar No. 260347<br>DEBJANI MAKEN, Trial Attorney<br>FL Bar No. 1017427<br>Mississippi Bar No. 09876<br><br>Civil Rights Division,<br>Educational Opportunities Section<br>U.S. Department of Justice<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530<br>Telephone: (202) 514-3847 | John S. Hooks<br><br>/s/ *John S. Hooks*<br>MS Bar No. 99175<br>ADAMS and REESE, LLP<br>1018 Highland Colony Pkwy.,<br>Suite 800<br>Ridgeland, MS 39157<br>Telephone: 601.353.3234<br>Facsimile: 601.355.9708<br>E-mail: John.Hooks@arlaw.com |

| | |
|---|---|
| Fax: (202) 514-8337<br>Email: Debjani.Maken@usdoj.gov | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed a true and correct copy of the above document with the Clerk of Court using the CM/ECF system, which caused notice of filing to be served on all registered counsel of record.

Dated: August 7, 2026.

*/s/ Debjani Maken*
DEBJANI MAKEN,
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section